PER CURIAM:
We have for review the following Judgment of the Board of Governors of The Florida Bar:
“This cause came on for review and consideration by the Board of Governors of The Florida Bar upon the report of the referee and the record of proceedings before him.
“The evidence shows that John Wesley Ford retained the respondent to represent Ford’s daughter, Annie Pearl Ford, on a criminal charge. Over a period of time Mr. Ford paid respondent $150.-00 for his services. Respondent pleaded Annie Pearl Ford not guilty, and the case was set for trial in May of 1968. The day before trial Mr. Ford tried to contact the respondent but was unable to reach him.
“The trial was then continued to September of 1968. On the trial date the respondent failed to appear and the Judge granted a brief postponement to allow the Fords to retain new counsel. The Fords obtained new counsel and paid the additional cost of his service.
“Upon the record before him the referee found that in 1968 respondent received $150.00 to represent Annie Pearl Ford in the defense of a criminal action pending against her. Though he accepted the money, respondent failed and refused to perform the legal services he was employed to undertake and respondent has failed to return the money accepted. The referee further found that respondent handled the client’s case in a careless manner, failed to inform the client of the progress of the case and generally acted in an irresponsible manner.
“The referee recommended that the respondent be found guilty as charged in the complaint andc particularly that he has violated Rule 11.02, Article XI of the Integration Rule of The Florida Bar [32 F.S.A.] and Canons 21 and 24 of the Canons of Professional Ethics [32 F.S.A.]. He recommended respondent be suspended from the practice of law for a period of three months and thereafter until he has demonstrated rehabilitation and made restitution to the client and paid all costs of this proceeding.
“The Board of Governors concurs with the referee’s finding of guilt. However, it is the collective judgment of the Board that because of respondent’s total disregard for the rights of his client a stricter disciplinary measure is necessary for the protection of the public, the legal profession and the administration of justice. Therefore, it is
“ORDERED AND ADJUDGED that the respondent, John D. Due, Jr., be *474 suspended for six months and thereafter until he has made restitution and demonstrated rehabilitation and that he pay the cost of these proceedings in the amount of $98.20.
“DONE and ORDERED this 8th day of October, 1969.”
A copy of the Judgment of the Board of Governors of The Florida Bar has been duly served upon respondent and the time for filing an application for review of said Judgment has expired. Upon consideration of the record in the cause, the Court concurs with the Judgment of the Board of Governors.
It is ordered and adjudged that the respondent, John D. Due, Jr., be suspended from the practice of law for six months and thereafter until he has made restitution and demonstrated rehabilitation, and that he pay the cost of these proceedings in the amount of $98.20, for which costs execution is hereby directed to issue.
ERVIN, C. J., and DREW, CARLTON, ADKINS and BOYD, JJ., concur.